UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61309

BRITTANY PENNINGTON
and KELSEY CLOWDUS,

      Plaintiffs,

v.

U-TIKI BEACH, LLC and
JAMES K. TAUBE,

      Defendants.
_____/

## COMPLAINT

Plaintiffs, Brittany Pennington and Kelsey Clowdus, sue Defendants, U-Tiki-Beach LLC and James Taube, and allege:

1. This is an action under 29 U.S.C. § 216 of the Fair Labor Standards Act.

2. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiffs are Florida residents.

4. U-Tiki is a Florida limited liability company that operates an eponymous waterfront bar and restaurant located at 1095 N Hwy A1A, Jupiter, FL 33477.

5. Individual Defendant Taube owns, manages, and supervises U-Tiki.

6. Taube made the payroll and personnel decisions for U-Tiki.

7. Venue is proper under 28 U.S.C. § 1391 because U-Tiki resides in this judicial district and the unlawful employment practices occurred here.

8. Plaintiffs worked as servers at U-Tiki.

9. Pennington worked from October 5, 2015 thru March 20, 2020.

The Simring Law Group
235 East Commercial Blvd • Suite 205 • Lauderdale By The Sea, FL 33308
Tel: 954-816-2417 • www.simringlawgroup.com



10. Clowdus worked from April 20, 2016 thru March 20, 2020.

11. Plaintiffs' salaries were each $4.75 per hour.

12. Plaintiffs were "employees" as defined in the FLSA because they worked for an employer engaged in interstate commerce. *See* 29 U.S.C. § 203(1)(e).

13. U-Tiki was an "employer" as defined in the FLSA because it was engaged in interstate commerce. *See* 29 U.S.C. § 203(1)(d).

14. Taub was an "employer" as defined in the FLSA because he acted directly or indirectly in the interest of U-Tiki in relation to the Plaintiffs and controlled and administered the operations of U-Tiki and directed the illegal acts described herein. *See* 29 U.S.C. § 203(1)(d).

15. Defendants' gross revenue derived from interstate commerce exceeded $500,000 during the relevant time period.

16. Defendants violated the FLSA because, among other reasons, Taube illegally instructed Plaintiffs, and their managers, to tamper with the employee timecards so that the time cards always reflected a total number of hours worked that was less than the number necessary to trigger overtime compensation under the FLSA, despite the fact that each Plaintiff worked *at least ten hours* overtime during *each week* of the relevant period.

17. Plaintiffs have been damaged as a direct and proximate result of the Defendants' violations of the FLSA.

18. Plaintiffs are obligated to pay their attorney a reasonable fee for his services.

19. All conditions precedent to this action have occurred or have been performed or waived.

Page **2** of **3**

The Simring Law Group
235 East Commercial Blvd • Suite 205 • Lauderdale By The Sea, FL 33308
Tel: 954-816-2417 • www.simringlawgroup.com

WHEREFORE, Plaintiffs respectfully requests that the Court:

a. Award judgment for damages, jointly and severally, against the Defendants;

b. Award prejudgment interest;

c. Award liquidated damages under 29 U.S.C. § 216(b);

d. Award prevailing party attorneys' fees under 29 U.S.C. § 216(b);

e. Award costs of suit; and

f. Grant such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

**THE SIMRING LAW GROUP**
*Counsel for Plaintiffs*
235 East Commercial Blvd Suite 205
Lauderdale By The Sea, FL 33308
Telephone: (954) 816-2417
Facsimile: (954) 867-1618
Primary E-mail: matthew@simringlaw.com

By: /s/ Matthew R. Simring
    Matthew R. Simring
    (Florida Bar No. 175102)

Page **3** of **3**

The Simring Law Group
235 East Commercial Blvd • Suite 205 • Lauderdale By The Sea, FL 33308
Tel: 954-816-2417 • www.simringlawgroup.com
